Office of the United States Trustee
Trial Attorney
Nancy Resnick
1100 Commerce Street, Room 976
Dallas, TX 75242
Nancy.s.resnick@usdoj.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| | § | |
| **Harris CRC Inc.** | § | Case No. 21-20161-RLJ- 11-V |
| | § | |
| **Michael Davis Harris** | § | Case No. 21-20162=RLJ-11-V |
| | § | |
| | § | **JOINTLY ADMINISTERED** |
| | § | **21-20161-RLJ-11-V** |

### UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7 OR IN THE ALTERNATIVE DISMISS WITH PREJUDICE FOR ONE YEAR.

TO THE HONORABLE ROBERT JONES UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to convert these cases to Chapter 7 or Alternatively Dismiss with Prejudice for One Year and respectfully shows as follows:

### SUMMARY

The Debtors have failed to file monthly operating reports for five months. The Debtors have not accounted for their post-petition operations and financial situation. Schedules contain errors and may not include all possible creditors. Debtors' failure to comply with its reporting requirements that are central to the fiduciary obligations of a debtor-in-possession are grounds to convert these cases to chapter 7 or in the alternative dismiss with prejudice for one year, subject to a full accounting of post-petition operations.

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under 28 U.S.C. §1334, 28 U.S.C. § 157(a), and the standing order of reference. Venue action is proper in this Court pursuant to 28 U.S.C. § 1409.

The Court may try this matter to a conclusion and enter final orders under Stern v. Marshall, 131 S. Ct. 2594 (U.S. 2011). A motion to dismiss or convert is a core matter. 28 U.S.C. §157 (b)(2)(A), (O).

## FACTUAL BACKGROUND

2. On July 12, 2021, Harris CRC Inc, filed a voluntary a voluntary bankruptcy case, electing to proceed under Subchapter V of Chapter 11.

3. On July 12, 2021, Michael Harris filed a voluntary bankruptcy case, electing to proceed under Subchapter V of Chapter 11.

4. On July 20, 2021, the United States Trustee appointed Brad Odell as the Chapter V trustee.

5. Harris CRC Inc., an S-Corporation, is engaged in the construction business. The negative impact of Covid upon its business and an impending foreclosure by Happy State Bank were the precipitating factors for filing bankruptcy.

6. Mr. Harris owns 100% of Harris CRC.

7. On August 24, 2021, the Court entered an Order Approving Joint Administration of the cases. *(docket no. 23 in case no 21-20162 and docket no. 19 in case no, 21-20161)*

> **ORDERED** that Debtors Counsel shall file with the Clerk of Court in case number 21-20161-RLJ-11 a master service list of all creditors, persons filing Notices of Appearance, and all parties-in-interest in the jointly administered cases in the form prescribed by Local bankruptcy Rule 1007.1.

9. A master service list was not filed.

## SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

*Harris CRC Inc. - 21-20161*

10. On the petition date, the primary assets of Harris CRC included the following: *(Schedule A/B, docket no. 1)*

   i) Property at 1000 Main Street, Stinnett, TX valued at $113,000;
   ii) Equipment including cars, trailers, forklifts, and tractors with a book value of $200,300;
   iii) Cash on hand at Amarillo National Bank of $1,570.

11. On the petition date, the primary liabilities of Harris CRC included the following: *(Schedule D and E/F, docket no. 1)*

  i)  $281,160 owed to Happy State Bank for business debt associated with the equipment and real property;

  ii)  $89,590 in unsecured debt – which includes IRS 941 taxes of approximately $43,196.

12. On Schedule H, Harris CRC indicates the estate has co-debtors but erroneously lists Happy State Bank as both creditor and co- debtor. Schedule H fails to correctly identify the true co-debtor/s.

### *Michael Harris – 21-20162*

13. On the petition date, the primary assets of Mr. Harris included: *(Schedule A/B, docket no. 1, case no. 21-20162,)*:

  i)  Property at 11438 FM 687, Stinnett TX valued at $165,000;
  ii)  Property at 329 Morse, Stinnett, TX (various lots) valued at $57,520;
  iii)  Property at 728 Allen Stinnett, TX valued at $6,000;
  iv)  Property at 23 Block M-23 TCRY (64.9 acres) Stinnett, TX valued at $65,000;
  v)  Property at 23 Block M-23 TCRY (36.9 acres) Stinnett, TX valued at $36,000
  vi)  Two vehicles with an aggregate value of $7,000
  vii)  100% interest in Harris CRC Inc. valued at zero
  viii)  *Undisclosed* percentage interest in Harris Properties, LLC valued at $16,000[1]

14. On the petition date, Mr. Harris' primary liabilities included: *(Schedules D, E/ F, docket no. 1, case no. 21-20162)*:

  i)  Secured claim of Happy State Bank in the amount of $283,000 for "multiple properties";
  ii)  Secured claim of Happy State Bank in the amount $86,000 relating to the property at 11438 FM 687;
  iii)  IRS claim in the amount of $20,169 for unpaid 1040 taxes secured by the property at 11438 FM 687;
  iv)  Secured claim of Hutchison County for property taxes in the amount of $13,025;
  v)  Multiple credit cards, bank and/or retail cards totaling $20,925

15. Amended Schedules I and J indicate that Mr. Harris' sole source of income is $1,000 per month from Harris CRC. *(docket no. 7, case no. 21-20162)* Mr. Harris' expenses total $1,331 leaving negative monthly disposable income of $331.00.

16. Mr. Harris' Schedules do not reflect any debt owing to the Attorney General of Texas-Child Support Division and/or Sheena M. Harris. However, claim number 13 indicates domestic

---

[1] Amended Schedules for Mr. Harris were filed in the main case at Docket no. 28. The Amended Schedules did not make any changes to Mr. Harris' assets and liabilities but included a Schedule C.

support obligations are in arrears both pre- and post- petition in the sum of $4,308 *(Claim no. 13, filed January 8, 2022, case no. 21-20162)*

17. A recent adversary filed by Wesley and Cassie Phillips suggests there are other unlisted creditors. *(docket no 56, case no. 21-30161)*

18. Schedule H does not list any co-debtor although the facts suggest Harris CRC Inc. is a co-debtor on liabilities associated with Happy State Bank.

## STRATEGY FOR REORGANIZATION – POST-PETITION ACTIVITIES

19. Based upon information provided at the initial debtor interview and testimony from the initial meeting of creditors, held on August 19, 2021, Debtors' bankruptcy strategy involved finalizing sales contracts for i) a personal residence and 5 acres, and ii) certain commercial real estate. It was anticipated the commercial real estate contract would generate about $113,000 and the residence contract about $165,000. After the sales, Debtors anticipated a payout over time for remaining creditors.

20. On August 27, 2021, the Court approved the sale of the Main Street property and the property located at 11428 S. FM 687. *(docket no 24, case no. 21-20161).* In the aggregate, the sales proceeds would decrease the amount owed to Happy State Bank in the approximate amount of $249,000 and pay outstanding ad valorem taxes.

21. On September 15, 2021, and subsequently on October 13, 2021, Debtors sought Court authority to approve the distribution of the proceeds from the real estate sales contracts which the Court respectively approved on September 30, 2021, and November 9, 2021. *(docket nos. 30 and 37, 39 and 45, case no. 21-20161)*

22. Debtors filed their Sub Chapter V Status Report on September 2, 2021, referencing a plan that anticipated a five-year payout for taxes, a payout to Happy States Bank over 10 years after the sale of one of the properties and an initial payment of about $118,160 and a pro rata unknown distribution to unsecured creditors. *(docket no. 27, case no. 21-20161)* The status report further referenced a 90-day timeline to formulate its plan.

23. An Interim Cash Collateral order has been in place for Harris CRC Inc. since the case commenced and has been extended through February 11, 2022. *(Interim Order Granting Motion to Use Cash Collateral. docket no, 26, entered 08/27/2021 and Order entered 12/14/21 at docket no. 50, case no. 21-20161)* The Order provides for continuation of the budget as previously

negotiated in the early stages of the case not to exceed a 25 % variance. The budget references an ongoing business with projected weekly job revenue ranging from $29,000 to $47,0000 starting in August and expenses ranging from $14,631 per week to $39,281 per week. *(Interim Cash Collateral Budget, exhibit 001, docket no. 11 at page 7, case no. 21-20161)*[2]

## **LEGAL ANALYSIS**

### FAILURE TO FILE MONTHLY OPERATING REPORTS[3]

24.     While the facts indicate significant progress towards paying off the primary creditor, Happy State Bank, *both Debtors* have failed to timely account to this Court, the sub-V trustee, and all creditors regarding their financial activities. Debtors' *only monthly operating report* was filed on August 23, 2021. *(docket no. 18)* This report indicated payments on a loan to Natalie McLaughlin, payment on bills owed before the bankruptcy, and numerous nsf and bank charges.

25.     Without monthly operating reports the Court and creditors are unaware of the estates' current financial status.  Are the Debtors current on post-petition debt? Has insurance been maintained? Have there been any unauthorized transactions?  How much cash remains at Amarillo National Bank?  Is the Debtor in compliance with the cash collateral Order? What are Debtors' revenues?

26.      Under section 1112(b), the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate" if the movant establishes cause. 11 U.S.C. § 1112(b)(1).  Cause includes unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.  11 U.S.C. § 1112(b)(4)(F).

27.     Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

---

[2] Expense of operating the business include the payment of wages, utilities, material and consumables used in the construction business.

[3] The U.S. Trustee has conferred with Debtors' counsel and the sub-V trustee about the delinquent reports on multiple occasions, seeking the Debtors' cooperation.

28.     Here, Debtors failed to five MOR's.  The one MOR on file suggests payment on pre-petition debt without Court approval.

29.     The Debtors cannot avail themselves of the extraordinary rights and remedies provided by the Bankruptcy Code when they fail to comply with the requirements of the same bankruptcy system they seek advantage of.

30.      Analysis for a reasonable likelihood of rehabilitation is case-specific and will address the debtor's viability and rate of progress.  *See In re Timbers of Inwood Forest Assocs, Ltd.*, 808 F.2d 363, 371-72 (5th Cir. 1987)(en banc), *aff'd sub nom, United Savings Assoc. v. Timbers of Inwood Forest Assocs, Ltd.*, 484 U.S. 365 (1988).  Debtors' conduct demonstrates a lack of good stewardship of the bankruptcy process and a crisis of confidence in the Debtors' ability to remain a debtor-in-possession.

## CONCLUSION

Wherefore, the United States trustee respectfully requests that the Court enter a Final Order converting this case to Chapter 7.  In the alternative the United States Trustee seeks dismissal with prejudice to refiling for one year, subject to a full accounting. The United States Trustee seeks such further relief as may be just and appropriate.

Dated: January 14, 2022

Respectfully Submitted,
WILLIAM T. NEARY
UNITED STATES TRUSTEE
/s/ Nancy Resnick
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas 75242
Nancy.s.resnick@usdoj.gov

A WRITTEN RESPONSE SHALL BE FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT ON OR BEFORE **FEBRUARY 8, 2022,** TWENTY -ONE DAYS FROM THE DATE OF SERVICE HEREOF.
U.S. Courthouse
1100 Commerce Street
14th Floor
Dallas, TX 75242

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY. IF NO RESPONSE IS

TIMELY FILED, THE RELIEF REQUESTED MAY BE DEEMED UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF REQUESTED

Certificate of Conference

The U.S. Trustee did confer with the Sub V trustee and Debtors' counsel on this matter. At the current time Debtors' counsel has not taken a position on the matter.

/s/ Nancy Sue Resnick
Nancy Sue Resnick

CERTIFICATE OF SERVICE

I certify that on January 14, 2022, a copy of the foregoing was served by ECF and on January 18, 2022, via first class United States Mail to be sent to the Debtor, Debtor's counsel, the sub-V trustee, the parties noted below and the creditor matrix:

Patrick Alan Swindell
Swindell Law Firm
1619 S. Kentucky St., Ste. B202
Amarillo, TX 79102

Trustee
Brad W. Odell -SBRA V
Mullin Hoard & Brown, L.L.P.
P.O. Box 2585
Lubbock, TX 79408

Harris CRC, Inc.
PO Box 747
Stinnett, TX 79083

Michael David Harris
PO Box 747
Stinnett, TX 79083
Stratos Lambros Apostolou
Attorney General of Texas
Child Support Division
2512 South I.H. 35, Suite 200
Austin, TX 78704

C. Jared Knight
Burdett Morgan Williamson & Boykin LLP
701 S. Taylor, Suite 440, LB103
Amarillo, TX 79101

Van W. Northern

Northern Legal PC
2700 S. Western St.
Suite 200
Amarillo, TX 79109

United States Of America -Internal Revenue Service
Donna K. Webb
U.S. Attorney Office
1100 Commerce Street
Suite 300
Dallas, TX 75242

Quantum3 Group LLC as agent for Sadino Funding LLC
PO Box 788
Kirkland, WA 98083-0788

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

*/s/Nancy Resnick*
Nancy Resnick